UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 16-25009-CIV-MARTINEZ-GOODMAN

JERRY LEE COLEMAN, on behalf of himself
and all others similarly situated,
    Plaintiff,

vs.

CUBESMART, a Maryland Real Estate
Investment Trust,
    Defendant.
_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On April 3, 2019, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement (the "Settlement Agreement") between Plaintiff Jerry Lee Coleman ("Plaintiff"), on behalf of himself and all members of the Settlement Class,[1] and Defendant CubeSmart ("CubeSmart") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a final approval hearing to take place on July 19, 2019. The Court finds that the Class Notice in the form approved by the Court in its preliminary approval order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On July 19, 2019, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate and should be approved; (2) whether a judgment should be entered dismissing Plaintiff's

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

- 2 -

Complaint with prejudice consistent with the Settlement Agreement; and (3) whether and in what amount to award Counsel for the Settlement Class attorneys' fees and for costs and expenses, and whether and in what amount to award an Incentive Award to Named Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Court has personal jurisdiction over the parties and the members of the Settlement Class, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and Judgment, and for any other necessary purpose.

2.  The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Litigation"), the strengths and weaknesses of their respective positions, and it was not collusive. The Settlement Agreement was reached after the Parties had engaged in several mediation sessions and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.  The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiff are typical of the

claims of the Settlement Class he seeks to represent; (d) Named Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual member of the Settlement Class; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement,

5. The Court finally designates Named Plaintiff Jerry Lee Coleman as the Class Representative.

6. The Court finally appoints Scott B. Cosgrove, Esq. of León Cosgrove, LLP and Seth Miles, Esq. of Buckner + Miles, P.A. as Class Counsel for the Settlement Class.

7. Plaintiff submitted the declaration of the Settlement Administrator to show that the Notice of Class Action Settlement with Claim Form was sent by Email to the members of the Settlement Class and via U.S. mail to those members without a known Email address or to which the Email transmission failed and for whom an address was identified by the Settlement Administrator. The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to

be provided with notice, and (iv) complied fully with the requirements of the United States Constitution.

8. The Settlement Agreement is finally approved in all respects as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Administrator is directed to provide Cash Settlement Payments to those members of the Settlement Class who submitted valid, timely, and complete Claims.

10. Pursuant to Fed. R. Civ. P. 23, the Court hereby awards Class Counsel for the Settlement Class Attorneys' Fees in the amount of $1,370,362, and $11,000 as Costs and Expenses. Defendant shall pay the Attorneys' Fees award and Costs and Expenses within fourteen (14) days of the Effective Date (as defined in the parties' Settlement Agreement).

11. The Court further awards an Incentive Award in the amount of $15,000 to Named Plaintiff Jerry Lee Coleman. Defendant shall pay said amount within fourteen (14) days of the Effective Date (as defined in the parties' Settlement Agreement).

12. There were no members of the Settlement Class who filed objections to the settlement.

13. The following persons have requested exclusion and are hereby excluded from the Settlement Class and this case:

    a. Deborah Drab

    b. Susan Gandy

      c.      Danielle Harvey

      d.      Carole Felonick

      e.      Phyllis Jean Derrit

      f.      Paul Myers

      g.      Eleanore Hedwig Riccardi

      h.      Phyllis Cheryl Jenkins

      i.      Mary Lou Dolan

      j.      James C. Williams

      k.      Jean-Yvon St-Martin

14. The terms of the Settlement Agreement and of this Final Approval Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in all pending and future lawsuits maintained by the Named Plaintiff and all other members of the Settlement Class, as well as their heirs, executors, administrators, successors, and assigns.

15. The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order and Judgment; the Released Persons (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

    (a)    <u>Release And Waiver Definitions</u>.

        (i)    "CubeSmart" means CubeSmart, a Maryland real estate investment trust and its respective past or present subsidiaries, affiliates, parents, divisions, employees, officers, directors, agents, shareholders, predecessors, attorneys, and each of their respective past or present divisions, parents, employees, shareholders, predecessors, and all of the officers, directors, employees, agents,

- 5 -

shareholders, and attorneys of all such entities, including and without limitation CubeSmart Management and CubeSmart Asset.

(ii) "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons, as provided for in the Settlement Agreement.

(iii) "Released Claims" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, defenses, reckonings, promises, damages, penalties, attorneys' fees and costs and expenses, liens, judgments, demands, and any other forms of liability released pursuant to the Settlement Agreement.

(iv) "Released Persons" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, defenses, reckonings, promises, damages, penalties, attorneys' fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to this Settlement Agreement.

(v) "Releasing Persons" means Plaintiff, all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective heirs, executors, administrators, successors, and assigns.

(vi) "Settling Parties" means, collectively, CubeSmart, Coleman, all Settlement Class Members, and all Releasing Persons.

(b) <u>Released Claims By Members of the Settlement Class.</u> Upon the entry of the Final Approval Order each member of the Settlement Class, other than Plaintiff, shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons (including without limitation CubeSmart, CubeSmart Management, and CubeSmart Asset) from any and all claims, actions, causes of action, suits, defenses, debts, sums of money, payments, obligations, promises, defenses, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have on or before the entry of the Final Approval Order or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based

on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that relate, concern, arise from, or pertain in any way to payments made to Defendant for property insurance by those who between January 1, 2014 through March 31, 2017 rented cube(s) in the State of Florida from CubeSmart, CubeSmart Management, or CubeSmart Asset and who participated in the Great American Stored Property Insurance Program by signing Great American's Personal Property Insurance Participation Form and making monthly payments for their stored personal property insurance ("Participation in Great American Insurance Stored Property Program").

(c) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.

(d) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(e) The Settlement Agreement shall be the exclusive remedy for any and all members of the Settlement Class, except those who have properly requested exclusion (opted out), and the Released Persons shall not be subject to liability or expense for any of the Released Claims to any member of the Settlement Class.

(f) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The

- 8 -

Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

16. Plaintiff and all members of the Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any member of the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

17. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against CubeSmart or any Released Person as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by CubeSmart of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by CubeSmart or any Released Person;

- 9 -

(b) offered by any person or received against CubeSmart or any Released Person as evidence of a presumption, concession, or admission of any fault or violation of any law by CubeSmart or any Released Person; or

(c) offered by any person or received against CubeSmart or any Released Person as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

18. This Final Approval Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

20. In the event that the Final Approval Date does not occur, this Final Approval Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Final Approval Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, and thereafter neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

21. This Litigation, including all individual claims and class claims presented herein, is hereby **DISMISSED WITH PREJUDICE** consistent with the Settlement Agreement and without fees or costs to any party except as otherwise provided herein. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 2 day of August, 2019.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Goodman